█ PINES HOTEL OPERATING CORP., Respondent, v. TEMPLE EMANUEL OF GREAT NECK, Appellant.— Defendant, a religious corporation, appeals from an order of the Supreme Court at Special Term in Albany County denying its motion for a change of venue from Sullivan County to Nassau County upon the ground that the convenience of witnesses and the ends of justice will be promoted thereby. (Civ. Prac. Act, § 187, subd. 3.) The complaint alleges the breach of a contract entered into by the parties whereby plaintiff agreed to furnish board and accommodations at its resort hotel located in South Fallsburg, Sullivan County, for approximately 300 people for which defendant agreed to pay a stipulated rate. The answer denies its salient allegations and alleges two separate defenses, a counterclaim and a combined defense and counterclaim, the central gravamina of which are that the fraudulent misrepresentation by plaintiff of the status of its dispute with a labor union justified the cancellation of the reservations, constituted a breach of the agreement and deceived defendant to its consequential damage in connection with a fund-raising "weekend away" program. In the moving affidavit appellant listed nine witnesses whose convenience would be served by the change. That of two of them who reside in neither county may not be considered. (*Sanders* v. *Prescott*, 234 App. Div. 899.) The remaining seven are officers, employees, directors or members of defendant. The testimony, as delineated, of three of these would be inadmissible as hearsay. In effect appellant concedes that there are also three representatives of respondent presumably residing in Sullivan County whose testimony will be material upon the issues presented by the pleadings. On this record the weights in the scale of witness convenience are substantially in balance. By the retention of the trial of the transitory action in the county where it arose, Special Term did not abuse its discretion. (*Lehman* v. *Parente*, 5 A D 2d 947; *Slavin* v. *Whispell*, 5 A D 2d 296 and *cases cited therein*.) Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.